CAL P. SAUNDERS, State Bar No. 63497
TAUFIKI D. JOSHUA, State Bar No. 207636
OFFICE OF THE CITY ATTORNEY
CITY OF INGLEWOOD
1 Manchester Boulevard, Suite 860
Inglewood, California 90301
Telephone: 310-412-8672
Facsimile: 310-412-8865
tjoshua@cityofinglewood.org

Attorneys for Defendants
CITY OF INGLEWOOD, OFFICER ANTHONY BRISSINGER and OFFICER
SALMAN NAZIR

JOHN RAPHLING. State Bar Number 169554
LAW OFFICESS OF JOHN RAPHLING
723 Ocean Front Walk
Venice, California 90291
Telephone: (310) 450-8093

Attorneys for Plaintiff KYMMITH HANDY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYMMITH HANDY, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF INGLEWOOD, a local public entity, OFFICERS NAZIR and BRISSINGER, individuals and DOES 1-10, <br><br> Defendants. | Case No. CV 07-07606 GAF (MANx) <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** <br><br> ***NOTE: Changes made by the Court*** |

The parties have discussed the privileged nature of the Inglewood Police Department Internal Affairs materials concerning the individual defendant officers.

Such confidential material kept by Defendants are governmental documents that contain official information. Such confidential material has been

1

maintained by Defendants in confidence and contains sensitive and private information.

Defendants are extremely concerned that dissemination of subject information, documents, and materials related to the incident, relevant personnel, and other confidential internal investigations could compromise the efficacy of such undertaking in the future and act to discourage cooperation from the public. Further, disclosure of which without a protective order may compromise the safety of the subject peace officers and their families and third parties.

If this matter were proceeding in a California state court, these materials would be subject to various privileges including Evidence Code §§ 1040, 1043, et seq., Government Code § 3300, et seq. and/or the official information privilege. Further, such material also contains private and confidential third-party information. The materials include but are not limited to the following documents:

**I.**	**Internal Affairs Personnel Complaints – Officer Anthony Brissinger**

    **A.**	**Index of Internal Affairs Complaint History**

        1. One (1) page redacted index of Internal Affairs Complaints lodged against Officer Brissinger.

    **B.**	**Internal Affairs Case No. 03E062**

        1. One (1) page July 28, 2003 letter from Chief of Police to Deladia Walker;

        2. One (1) page City of Inglewood Inter-Departmental Communication from Internal Affairs Division to Officer Correa Re Administrative Investigation;

3. One (1) page City of Inglewood Inter-Departmental Communication from Internal Affairs Division to Officer Amezcua Re Administrative Investigation;

4. One (1) page City of Inglewood Inter-Departmental Communication from Internal Affairs Division to Officer Brissinger Re Administrative Investigation;

5. One (1) page City of Inglewood Inter-departmental Communication from Internal Affairs Division to Officer Devlin Re Administrative Investigation;

6. One (1) page City of Inglewood Inter-Departmental Communication from Internal Affairs Division to Officer Held Re Administrative Investigation;

7. Two (2) page October 27, 2003 City of Inglewood Inter-Departmental Communication from C.O., Patrol Bureau to Chief of Police Re Personnel Complaint;

8. Two (2) page October 27, 2003 City of Inglewood Inter-Departmental Communication from C.O. Patrol Bureau to Officer Devlin Re Personnel Complaint;

9. Two (2) page October 27, 2003 City of Inglewood Inter-Departmental Communication from C.O. Patrol Bureau to Officer

3

Amezcua Re Personnel Complaint;

10. Two (2) page October 27, 2003 City of Inglewood Inter-Departmental Communication from C.O. Patrol Bureau to Officer Held Re Personnel Complaint;

11. Two (2) page October 27, 2003 City of Inglewood Inter-Departmental Communication from C.O. Patrol Bureau to Officer Mayorga Re Personnel Complaint;

12. Two (2) page October 27, 2003 City of Inglewood Inter-Departmental Communication from C.O. Patrol Bureau to Officer Brissinger Re Personnel Complaint;

13. Two (2) page October 27, 2003 City of Inglewood Inter-Departmental Communication from C.O. Patrol Bureau to Officer Correa Re Personnel Complaint;

14. One (1) page Table of Contents;

15. Four (4) page October 21, 2003 City of Inglewood Inter-Departmental Communication from Internal Affairs Division to Chief of Police Re Personnel Complaint (Investigation Summary);

16. Two (2) page Witness List;

17. Two (2) page Statement of Officer Devlin;

18. One (1) page Statement of Officer Amezcua;

4

19. One (1) page Statement of Officer Held;

20. One (1) page Statement of Officer Mayorga;

21. One (1) page Statement of Officer Brissinger;

22. One (1) page Statement of Officer Correa;

23. One (1) page Statement of Sergeant Iguchi;

24. One (1) page Statement of Officer Rankins;

25. One (1) page Statement of Jeffrey Neal;

26. One (1) page Statement of Darryl Scott;

27. One (1) page Addendum;

28. Two (2) page July 6, 2003 City of Inglewood Inter-Departmental Communication from Sergeant Fried to Chief of Police Re Personnel Complaint;

29. One (1) page Inglewood police Department Personnel Complaint Form;

30. Two (2) page Inglewood Police Department Use of Force Report (Incident No. 03-187-0041);

31. Three (3) page Inglewood Police Department Arrest Report (Incident No. 03-187-0041);

32. Two (2) page Incident Detail for July 6, 2003;

33. Seven (7) page Criminal History for Delaida Walker;

5

34. Six (6) page Inglewood Police Department Crime Report;

35. One (1) page Inglewood Police Department Crime Scene Log;

36. One (1) page Forensics Services Section Technical Services Work Request;

37. One (1) page U.S. Postal Service Certified Mail Receipt;

38. One (1) page August 4, 2003 Letter from Sergeant Aguirre to Delaida Walker; and

39. One (1) page September 10, 2003 Letter from Sergeant Aguirre to Delaida Walker.

C.     **Internal Affairs Case No. 06E063**

1. One (1) page Inglewood Police Department Personnel Complaint Form;

2. Two (2) page April 25, 2006 Inter-Departmental Communication from Lt. Aguirre to Chief of Police Re Personnel Complaint;

3. One (1) page April 27, 2006 Letter from Chief of Police to Donnell Turner Re Internal Affairs Case #06E063;

4. Two (2) page Shift Roster;

5. Two (2) page Police Unit Log;

6. Two (2) page September 11, 2006 Inter-Departmental Communication from Chief of Police to Citizen Police Oversight

Commission Re Summary of CPOC Complaint 06-05-11;

7.  Two (2) page August 21, 2006 Inter-Departmental Communication from C.O. Patrol Bureau to Officer Nazir Re Personnel Complaint;

8.  Two (2) page August 21, 2006 Inter-Departmental Communication from C.O. Patrol Bureau to Officer Brissinger Re Personnel Complaint;

9.  Two (2) page August 21, 2006 Inter-Departmental Communication from C.O. Patrol Bureau to Chief of Police Re Personnel Complaint;

10. Six (6) page June 8, 2006 Inter-Departmental Communication from Sergeant Cochran to Lieutenant Mylar Re Personnel Complaint;

11. Four (4) page July 31, 2006 Inter-Departmental Communication from Lieutenant Mylar to C.O. Patrol Bureau Re Personnel Complaint;

12. One (1) page Inter-Departmental Communication from Internal Affairs Division to Officer Brissinger Re Administrative Investigation;

13. One (1) page Inter-Departmental Communication from Internal Affairs Division to Officer Nazir Re Administrative Investigation;

14. Four (4) page Inglewood Police Department Incident Report (Incident No. 06-4995);

7

15. One (1) page Inglewood Police Department Draft Incident report (Incident No. 06-4995); and

16. Two (2) pages of photographs (5 photographs total).

## II. Internal Affairs Personnel Complaints - Officer Salman Nazir

### A. Index of Internal Affairs Complaint History

1. One (1) page redacted Internal Affairs Complaint History/Index for Officer Salman Nazir

### B. Internal Affairs Case No. 04E113

1. One (1) page August 12, 2004 Letter from Chief of Police to Latricia Adams Re Internal Affairs Case Number 04E113;

2. One (1) page February 3, 2005 Letter from Chief of Police to Jammar Hearns and Latricia Adams

3. Two (2) page January 19, 2005 Inter-Departmental Communication from Captain Irvine to Officer Manzi Re Personnel Complaint;

4. One (1) page January 19, 2005 Inter-Departmental Communication from Captain Irvine to Chief of Police Re Internal Complaint;

5. Two (2) page January 19, 2005 Inter-Departmental Communication from Captain Irvine to Detective Gland Re Personnel Complaint;

6. Two (2) page January 19, 2005 Inter-Departmental Communication from Captain Irvine to Officer Nazir Re Personnel Complaint;

7.  Three (3) page January 18, 2005 Inter-Departmental Communication from C.O. Day Watch to C.O Patrol Bureau Re Personnel Complaint;

8.  Four (4) pages of City of Inglewood Inter-Departmental Communications from Internal Affairs Division to Officer Nazir (2 pages), Detective Gland (1 page), and Officer Manzi Re Administrative Investigation;

9.  Six (6) page January 13, 2005 Inter-Departmental Communication from Sergeant Herrera to Day Watch C.O., Lt. Thompson Re Internal Affairs Case No. 04E113;

10. Two (2) page August 10, 2004 Inter-Departmental Communication from Sergeant Marshall to Chief of Police Re Personnel Complaint;

11. Eight (8) page August 9, 2004 Police Officer History;

12. Seventeen (17 ) page Criminal History of Latricia Adams and Jammar Hearns;

13. One (1) page October 13, 2004 Letter from Sergeant Herrera to Jammar Hearns; and

14. One (1) page October 13, 2004 Letter from Sergeant Herrera to Latricia Adams.

////

////

**C.**     <u>Internal Affairs Case No. 05E087</u>

1. Two (2) page January 10, 2006 Inter-Departmental Communication from C.O. Patrol Bureau to Officer Nazir Re Personnel Complaint;

2. One (1) page January 10, 2006 Letter from Chief of Police to Ellyna Triplett Re Internal Affairs Case No. 05-E-087;

3. One (1) page January 10, 2006 Letter from Chief of Police to April R. Nelson Re I.A.D. No. 05E089;

4. One (1) page January 10, 2006 Inter-Departmental Communication from C.O. Patrol Bureau to Chief of Police Re Personnel Complaint;

5. Three (3) page January 8, 2006 Inter-Departmental Communication from C.O. Evening Watch to C.O. Patrol Bureau Re Personnel Complaint;

6. Six (6) page December 13, 2005 Inter-Departmental Communication from Sergeant Mejia to Lt. Serrano Re Personnel Complaint No. 05E087;

7. Two (2) page July 10, 2005 Inter-Departmental Communication from Sergeant Barrow to Chief of Police Re Citizen Complaint;

8. One (1) page Inter-Departmental Communication from Internal Affairs Division to Officer Nazir Re Administrative Investigation;

9. One (1) page Inter-Departmental Communication from Internal Affairs Division to Officer Ragan Re Administrative Investigation;

10. One (1) page Internal Affairs Interview Admonishment for Officer Nazir;

11. One (1) page Internal Affairs Interview Admonishment for Officer Ragan;

12. One (1) page Incident Detail for July 10, 2005;

13. One (1) page Shift Roster for July 9, 2005;

14. One (1) page Inglewood Police Department Intoxication Arrest Report;

15. Four (4) page Inglewood Police Department Arrest Report (Incident No. 05-1910039);

16. One (1) page Criminal History for Ellyna Triplett;

17. One (1) page Criminal History for Willie Houston; and

18. One (1) page Criminal History for Gloria Bridges.

**D.   Internal Affairs Complaint No. 06E063**

Please note that the investigative materials concerning Internal Affairs Complaint No. 06E063 are indexed and set forth above with respect to Officer Brissinger.

**E.   Internal Affairs Complaint No. 06N003**

11

1. One (1) page August 2, 2006 Inter-Departmental Communication Re Officer Involved Shooting Report (OIS 06N003) from Chief of Police;

2. One (1) page August 3, 2006 Inter-Departmental Communication from C.O. Patrol Bureau to Officer Nazir Re OIS No. 06-N-003;

3. Three (3) page August 3, 2006 Inter-Departmental Communication from C.O. Patrol Bureau to Chief of Police Re Modified Shoot Review – OIS 06-N-003 Officer Salman Nazir # 844;

4. One (1) page Table of Contents;

5. Two (2) page July 25, 2006 Inter-Departmental Communication from

   Sergeant Brown to Chief of Police Re Officer Involved Shooting (Dog) I.A.D. Case #06N003;

6. One (1) page Witness List;

7. One (1) page Interview of Officer Nazir;

8. One (1) page Interview of Judith Siguenza;

9. One (1) page Addendum;

10. Four (4) page Inglewood Police Department Preliminary Shooting Report;

11. One (1) page Officer Roster Snapshot for May 24, 2006;

12

12. Four (4) page Incident Detail for May 24, 2006;

13. One (1) page Inglewood Police Watch Commanders Daily Log for May 24, 2006;

14. Three (3) page Inglewood Police Department Incident Report (Incident No. 06-6134);

15. One (1) page Inglewood Police Department Incident report (Incident No. 06-6134); and

16. Four (4) pages of photographs (8 photographs total).

**F.**    **Internal Affairs Case No. 06H005**

1. Six (6) page May 23, 2007 from C.O. Patrol Bureau to Chief of Police  Re Modified Shoot Review- OIS 06Hoo5 Officer Salman Nazir #844;

2. One (1) page Table of Contents;

3. Five (5) page September 27, 2006 Inter-Departmental Communication from Field Sergeant, Team 1 to C.O. Patrol Bureau Re OIS 06 H 005;

4. Four (4) page Inglewood Police Department Incident Report (Incident No. 06-7958);

5. One (1) page Inglewood Police Department Incident Report (Incident No. 06-7958);

13

6. Five (5) page Inglewood Police Department Preliminary Shooting Report;

7. One (1) page Incident Detail for July 3, 2006;

8. Two (2) page Police Officer History for July 3, 2006;

9. One (1) page Shift Roster for July 3, 2006;

10. Two (2) page Inglewood Police Watch Commanders Daily Log for July 3, 2006; and

11. Five (5) pages of photographs (5 photographs total).

**G.** **Internal Affairs Complaint No. 06H008**

1. Six (6) page August 20, 2007 Inter-Departmental Communication from C.O. Patrol Bureau to Chief of Police Re Modified Shoot Review – OIS 06H008 Sergeant David Salcedo #638 Officer Salman Nazir #844

2. One (1) page Table of Contents;

3. Five (5) page May 31, 2007 Inter-Departmental Communication from Lieutenant Mylar to Chief of Police Re Officer Involved Shooting (Dog);

4. Two (2) page Interview of Officer Nazir;

5. Two (2) page Interview of Officer Osorio;

6. One (1) page Interview of Officer Villalmil;

14

7.  One (1) page Interview of Security Officer Mike Bergman;

8.  One (1) page Interview of Michelle Darby;

9.  One (1) page Interview of Jaime Balangue;

10. One (1) page Interview of Kirk Edmond;

11. One (1) page Interview of Jerry Gardener;

12. One (1) page Interview of Patricia Gardener;

13. Six (6) page Inglewood Police Department Preliminary Shooting Report;

14. One (1) page Officer Roster Snapshot for September 19, 2006;

15. Two (2) page Incident Detail for September 19, 2006;

16. One (1) page Officer Roster Snapshot for September 19, 2006;

17. One (1) page Inglewood Police Watch Commanders Daily Log for September 19, 2006;

18. Four (4) page Inglewood Police Department Incident Report (Incident No. 06-11282);

19. One (1) page Inglewood Police Department Incident Report (Incident No. 06-11282);

20. Three (3) pages of photographs (11 photographs total); and

21. One (1) page Inglewood Police Department Preliminary Shooting Report.

////

## III.   Employment/Personnel Records for Officer Anthony Brissinger

### A. <u>Records Re Past Law Enforcement Employment</u>

1. One (1) page of redacted Introduction Section of Background Investigation Summary for Officer Brissinger (page 1);

2. One (1) page of redacted Employment Section of Background Investigation Summary for Officer Brissinger (page 8);

3. One (1) page May 1, 2000 City of El Segundo Probation Evaluation Report;

4. One (1) page April 30, 200 City of El Segundo Inter-Departmental Correspondence from, Officer Weller to Lieutenant Affinito Re Transition Evaluation of Trainee Officer A. Brissinger #426;

5. One (1) page April 16, 2000 Transition Notes;

6. One (1) page April 17, 2000 Transition Notes;

7. One (1) page April 21, 2000 Transition Notes;

8. One (1) page April 22, 2000 Transition Notes;

9. One (1) page April 23, 2000 Transition Notes; and

10. One (1) page April 24, 2000 Transition Notes.

### B. <u>Records Re Psychological Evaluation</u>

16

1. One (1) page November 1, 2001 Inglewood Police Department Psychological Evaluation Recommendation drafted by Susan Saxe-Clifford, PhD, APC.

IV. **Employment/Personnel Records of Officer Salman Nazir**

   A. <u>**Records Re Past Law Enforcement Employment**</u>

   1. One (1) page of redacted Introduction Section of Background Investigation Summary for Officer Nazir (page 1);

   2. Two (2) pages of redacted Employment section of Background Investigation Summary for Officer Nazir (pages 4-5); and

   3. One (1) page of handwritten notes (author unknown) re Officer Nazir's employment w/ Torrance Police Department.

   B. <u>**Records Re Psychological Evaluation**</u>

   1. One (1) page November 1, 2001 Inglewood Police Department Psychological Evaluation Recommendation drafted by Susan Saxe-Clifford, PhD, APC.

In light of the aforementioned facts, and given the strong public policies in favor of encouraging witnesses to cooperate in investigations, protecting those who assist in investigations, protecting society's interests in investigating such incidents, and protecting Plaintiff's right to privacy, Defendants believe it is necessary and proper to enter an order carefully limiting the use and dissemination of the information, documents, and materials that are the subject of this Order.  In order to informally resolve this matter, the parties have agreed to

1    this stipulated protective order.

2         This Order shall apply to protect from unauthorized disclosure the

3    aforementioned documents ("CONFIDENTIAL DOCUMENTS").

4         A.    CONFIDENTIAL DOCUMENTS shall be classified as confidential

5    by stamping copies of them with "CONFIDENTIAL" or "CONFIDENTIAL,

6    SUBJECT TO PROTECTIVE ORDER." ~~Prior to filing any such~~

7    ~~CONFIDENTIAL DOCUMENT with the Court, the parties shall make an~~

8    ~~application to seal the document pursuant to Fed. Local Rule 79. .~~  Stamping

9    "CONFIDENTIAL" or "CONFIDENTIAL, SUBJECT TO PROTECTIVE

10   ORDER" on the cover of a multiple page document shall classify all pages of the

11   document as confidential, unless otherwise indicated by the disclosing party.

12   Other unambiguous written notice that material is being classified as confidential

13   also shall be sufficient.

14        B.    Immediately upon production by the disclosing party, attorneys for

15   the receiving party shall personally secure and maintain the CONFIDENTIAL

16   DOCUMENTS in their possession.

17        C.    The CONFIDENTIAL DOCUMENTS shall only be used for

18   preparing for and prosecuting this case pending the completion of the judicial

19   process, including appeal.  No person to whom CONFIDENTIAL DOCUMENTS

20   are disclosed shall cause or permit it to be used for any other purpose.

21        D.    Any copies, summaries, abstracts, notes, extracts of the contents or

22   other documents derived from the CONFIDENTIAL DOCUMENTS are

23   protected under this Order, and shall not be disclosed, disseminated, or conveyed

24   in any way to anyone except as provided herein.

25        E.    If necessary in the judgment of the receiving party, said attorneys

26   may show or reveal the contents of the CONFIDENTIAL DOCUMENTS to co-

27   counsel, clients, paralegals, law clerks or experts actively assisting attorneys for

28   receiving party  in the investigation of this case.  Any notes taken by any person

reflecting the contents of the CONFIDENTIAL DOCUMENTS, or extracts of the contents, are protected under this Order, and shall be treated in the manner set forth herein.

F.    The receiving party shall cause the substance of this Order to be communicated to each person to whom the CONFIDENTIAL DOCUMENTS are revealed in accordance with this Order.

G.    Prior to the disclosure of any CONFIDENTIAL DOCUMENTS to any person described above, the receiving party who seeks to use or disclose such CONFIDENTIAL DOCUMENTS shall first provide any such person with a copy of this Order, and shall cause him or her to execute, on a second copy, which counsel shall thereafter serve on the disclosing party the following acknowledgment:

"I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action, Case No. CV 06-04636 DSF (VBKx), and hereby agree to comply with and be bound by the terms and conditions of the said Order with respect to the handling, use and disclosure of each Confidential Document.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this nondisclosure Order.

Dated:  _____ /s/_____"

H.    If CONFIDENTIAL DOCUMENTS or confidential material therein are used, directly or indirectly, in any depositions taken in this matter, the original transcript of the deposition, and all copies thereof shall be stamped "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" and the portions containing the CONFIDENTIAL DOCUMENTS or confidential material shall be sealed pursuant to Central District Local Rule 79.

I.    A copy of this Order shall be attached as an exhibit to said deposition transcript and the court reporter shall be subject to said Order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant action.  Furthermore, any audiotape and/or videotape of said deposition shall be subject to this Order.  A copy of this Order shall be attached as an exhibit to said audiotape and/or videotape and the court videographer shall be subject to this Order and precluded from providing the original deposition videotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record.  Any audiotape shall similarly be subject to this Order and all persons shall be precluded from providing the original deposition audiotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant litigation.

J.    Additionally, anyone other than the following persons shall be precluded from attending any deposition whereat any CONFIDENTIAL DOCUMENTS or confidential material therein are used: the receiving party, the disclosing party, any parties' counsel, the court reporter, the court videographer, if any, and any of the named parties in this action.  Those attending any depositions using CONFIDENTIAL DOCUMENTS shall not disclose to any person or entity not otherwise entitled to the confidential information, in any manner, including orally, any statements made by the deponents during the course of said depositions and any such disclosure shall be construed as a violation of this Order.

K.    The receiving party shall not cause or knowingly permit disclosure of the contents of the CONFIDENTIAL DOCUMENTS beyond the disclosure permitted under the terms and conditions of this Order.

L.    No document covered by this Order may be used for any purpose not

20

set forth herein, or revealed to any person not described herein, absent further order of this Court.

M.   If the receiving party who receives CONFIDENTIAL DOCUMENTS are served with a subpoena or other request seeking CONFIDENTIAL DOCUMENTS, he, she or it shall immediately give written notice to counsel for the disclosing party, identifying the CONFIDENTIAL DOCUMENTS sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this Order so as to afford the disclosing party an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of CONFIDENTIAL DOCUMENTS.  In no event should production or disclosure be made without written approval by the disclosing party unless required by Court order arising from a motion to compel production or disclosure of CONFIDENTIAL DOCUMENTS.

N.   Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions (collectively "papers") filed with this Court, which contain, reflect, incorporate or refer to CONFIDENTIAL DOCUMENTS, shall be filed concurrently with a written application to seal the subject material. Pending a ruling on the application, the papers are to be filed consistent with Local Rule 79-5.1.  This Stipulation and Protective Order, in and of itself, creates no entitlement to file "CONFIDENTIAL DOCUMENTS" under seal. Accordingly, reference to this Stipulation and Protective Order or to the parties' designation of documents as "CONFIDENTIAL DOCUMENTS" is wholly insufficient to warrant filing under seal.  Good cause must be shown to support a filing under seal, and the parties' mere designation of document(s) as "CONFIDENTIAL DOCUMENTS" does not -- without the submission of evidence establishing the confidential nature of the document(s) sought to be filed under seal -- establish good cause.

21

O.    Counsel for the parties hereto agree to request that any motions, applications or other pre-trial proceedings in this Court which could entail the discussion or disclosure of CONFIDENTIAL DOCUMENTS be heard by the Court outside the presence of the jury, unless having heard from counsel, the Court orders otherwise.

P.    Nothing herein shall prejudice any parties' rights to object to the introduction of any CONFIDENTIAL DOCUMENTS into evidence, on grounds, including, but not limited to, relevance and privilege.

Q.    Nothing in this Order shall restrict or otherwise limit the use of any material by the District Court.

R.    No more than thirty (30) calendar days after the end of litigation (Case No. CV 07-07606 GAF (MANx)), the receiving party, and every other person and/or entity who received originals or copies of CONFIDENTIAL DOCUMENTS provided by Defendants shall return all originals, and destroy or return all copies of the CONFIDENTIAL DOCUMENTS, and material derived therefrom to counsel for Defendants, in care of: Office of the City Attorney, City of Inglewood, One Manchester Boulevard, Ste. 860, Inglewood, CA 90301.  Any expense incurred in the return of originals of CONFIDENTIAL DOCUMENTS shall be at the expense of the party seeking return of the CONFIDENTIAL DOCUMENTS.   Any CONFIDENTIAL documents obtained from third parties or via third party subpoena shall be destroyed or returned to the party whose privacy interest is implicated.

The litigation is at an end when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

S.    This Order shall survive the termination of this action, and the Court

22

retains jurisdiction to resolve any dispute concerning the disclosure or use of the Confidential Material disclosed pursuant to this Order.

IT IS SO STIPULATED:

DATED:  December 18, 2008   LAW OFFICES OF JOHN RAPHLING

By _____/s/_____
        John Raphling, Esq.
        Attorneys for Plaintiff
        KYMMITH HANDY

DATED: December 18, 2008        OFFICE OF THE CITY ATTORNEY
                                FOR THE CITY OF INGLEWOOD

By_____/s/_____
        Taufiki D. Joshua, Esq.
        Attorneys for Defendants
        CITY OF INGLEWOOD, OFFICER
        ANTHONY BRISSINGER, and
        OFFICER SALMAN NAZIR

## ORDER

Having reviewed and considered the Parties' Stipulation for Protective Order, IT IS SO ORDERED that the Stipulation and Protective Order shall be entered with the changes made by the Court.

Dated:  December 23, 2008        _____/s/_____
                                HONORABLE MARGARET ANN NAGLE
                                UNITED STATES MAGISTRATE JUDGE

23